## Case No. 12,754.

### In re SHEPARD.

[3 Ben. 347;[1] 3 N. B. R. 172 (Quarto. 42).]

District Court, S. D. New York. Aug., 1869.

COPARTNERSHIP ASSETS—PETITION BY ASSIGNEE OF ONE MEMBER OF A FIRM.

1. C., a member of a firm, transferred to S., his partner, by a written instrument, all his interest in the firm property, to be applied to the payment of the partnership debts, the assignment stating that the firm was dissolved, "except so far as it may be necessary to continue the same for the final liquidation and settlement of the business thereof." S. thereafter

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

made an assignment of all the firm property, in trust, to pay creditors, with preferences. which assignment was afterwards, in a suit brought by creditors, in the superior court of the city of New York, set aside, as fraudulent and void, as against such creditors, and the assignee was directed to pay the creditors' claims out of the proceeds of the assigned property in his hands, and did so, and also paid other preferred debts, leaving but a small balance in his hands. Thereafter, on the application of another creditor, S. was declared a bankrupt, in a proceeding against him alone, and the assignee in bankruptcy filed a petition against the assignee of S., praying to have that assignment set aside as void, under the 35th and 39th sections of the bankruptcy act [of 1867 (14 Stat. 534, 536)], and to have the property which came to his hands under it, delivered up to the assignee in bankruptcy: *Held*, that the transfer from C. to S. did not dissolve the firm, and the property remained partnership property till the partnership debts were paid;

2. There must be an adjudication of bankruptcy against the partners composing the firm, before any step could be taken in bankruptcy to reach the partnership assets;

[Cited in Re Stevens, Case No. 13,393; Re Brick, 4 Fed. 806.]

[Cited in Kelly v. Scott, 49 N. Y. 597.]

3. The petitioner, being the assignee of S. alone, could not call upon any one to account for such partnership property, and his petition must be dismissed.

This was a hearing, on proofs taken, on a petition filed by Hiram Fisher, assignee of the bankrupt above named, against Andrew V. Stout. Prior to the 26th of February, 1867, the bankrupt and one William D. Cochran were in partnership, perhaps with two other persons, under the firm name of Shepard & Cochran, in the city of New York. On that day, an instrument in writing was executed by and between Shepard and Cochran, of which the following is a copy: "Memorandum of agreement between Thomas S. Shepard and William D. Cochran, made this 26th day of February, 1867. The partnership heretofore existing between the above named parties, in the business of buying and selling crockery and glass ware, is hereby dissolved by mutual consent—the dissolution to date from this date—except so far as it may be necessary to continue the same for the final liquidation and settlement of the business thereof. The said Cochran hereby sells and transfers to said Shepard all his, the said Cochran's, interest in the assets, stock on hand, accounts, and credits due the firm of Shepard & Cochran, and all other property of said firm. The said Shepard is to apply said property, and the proceeds thereof, to the payment of the partnership debts and the necessary expenses of carrying on the business. Thomas S. Shepard. Wm. D. Cochran." The consideration for this transfer by Cochran to Shepard was $3,000 worth. of crockery ware, which Cochran took at the time out of the stock in trade of the firm. On the 5th of March, 1867, Shepard executed and delivered a voluntary assignment to Stout, of all merchandise and other personal property lately owned by the firm, and of all claims and demands due to the late firm, with the books of account and papers relating to the same, being all the property in respect of which Cochran had transferred his interest in the same, as a partner in the firm, to Shepard. The assignment was in trust, to convert the property into money, and collect the claims and demands, and, after paying the expenses of executing and carrying into effect the assignment, to pay, with the residue, first, the debts specified in Schedule A to the assignment, and second, the debts specified in Schedule B to the assignment, and then all other liabilities for which Shepard was justly liable. The debts specified in the two schedules were all of them, in fact, debts due by the firm of Shepard & Cochran, and were stated to be such in those schedules. Stout accepted the trust, and entered into possession of the assigned property, and realized from sales and collections a little over $21,000. On the 27th of March, 1867, the National Shoe and Leather Bank, of the city of New York, recovered a judgment in the superior court of the city of New York, against Thomas S. Shepard and William D. Cochran and the other two alleged partners, as joint debtors, for $15,280.88. An execution issued on such judgment having been returned unsatisfied, the plaintiffs therein brought a suit in equity, in the said court, against the four judgment debtors and Stout, setting forth the recovery of the judgment, and the return of the execution, averring that the debt to the plaintiffs was contracted by the four judgment debtors, as co-partners, composing the firm of Shepard & Cochran, setting out the transfer by Cochran to Shepard, and the assignment by Shepard to Stout, claiming that the assignment was, for various reasons stated, fraudulent and void, and praying that it might be set aside, and declared to be fraudulent and void, as against the plaintiffs, and that it might be adjudged that the plaintiffs were entitled to payment of their judgment out of the assets and the proceeds thereof in the hands of Stout, and that Stout pay over the same accordingly. Process in the suit in which the judgment was recovered was served on Shepard, and on him only, and process in the equity suit was served on Shepard and on Stout, and on them only, although in the latter suit an appearance by attorney was put in for all of the defendants. No answer or defence was put in in either of the suits. On the 13th of June, 1867, a judgment was rendered in the equity suit, setting aside the assignment from Shepard to Stout, declaring it to be fraudulent and void, as against the plaintiffs, and adjudging that the plaintiffs were entitled to payment of their judgment for $15,280.88 out of the assets assigned to and in the hands of Stout, and directing Stout, as such assignee, to pay the amount of the judgment out of the said assets, or the proceeds thereof in his hands. Stout, on the 14th of

June, 1867, as such assignee, paid to the plaintiffs the amount so decreed to be paid. He also, before the 13th of June, 1867, paid out of the assets assigned to him all the claims specified in Schedule A to the assignment, the debt to the Shoe and Leather Bank having been itself one of the debts specified in that schedule. There still remained in his hands the sum of about $1,700, which he claimed to be entitled to retain, and apply to the purposes of the assignment. On the 3d of July, 1867, the Mechanics' Bank of Brooklyn, as a creditor of Shepard, filed a petition in this court, praying that Shepard might be declared a bankrupt, for certain acts of bankruptcy alleged in the petition, and, among them, the making of the assignment to Stout. In that proceeding, Shepard was adjudged a bankrupt, and Fisher was appointed his assignee, and the usual assignment of the property of the bankrupt was made to Fisher.

The present petition of Fisher was brought to have the assignment from Shepard to Stout declared null and void, under the provisions of sections 35 and 39 of the bankruptcy act, and the property which came into his possession under said assignment, or the full value thereof, delivered up to Fisher, as assignee, on the ground that the assignment was made by Shepard with intent to give preferences, when he was insolvent, and so known to be by Stout. The petition was not founded on the preference obtained by the National Shoe and Leather Bank, by the equity suit in the state court, or on the payment made by Stout to the bank under the decree in that suit. The petition did not set up such suit or decree, but the answer of Stout to the petition set them up in defence.

A. L. Cushing, for petitioner.
E. L. Fancher, for Stout.

BLATCHFORD, District Judge. There is a difficulty in this case, which lies at the threshold of Fisher's right to recover. The agreement of the 26th of February, 1867, whatever effect it may have had to dissolve the partnership between Shepard and Cochran, as to future business and debts to be contracted thereafter, had no such effect as respected the partnership property in which Cochran theretofore had an interest, or as respected the partnership debts named in that agreement, or as respected proceedings under the bankruptcy act to affect such partnership property. The agreement expressly declares, that there is to be no dissolution of the partnership, so far as it may be necessary to continue the same for the final liquidation and settlement of the business thereof; and the transfer to Shepard of Cochran's interest in the property of the firm is expressly made subject, by the agreement, to the trust, that Shepard is to apply the property, and the proceeds thereof, to the payment of the partnership debts. The case is not one where the transfer of the interest of the retiring partner in the partnership property is absolute, and the remaining partner merely agrees to pay and assumes the debts of the partnership, as was done in Robb v. Mudge, 14 Gray, 534. In the present case, Cochran took from Shepard an express agreement that the partnership property assigned, and its proceeds, should be applied by Shepard to pay the partnership debts, and the agreement made by Shepard was to pay those debts with that property. Therefore, as respected Cochran and the creditors of the firm, there was no dissolution of the partnership, and no such transfer to Shepard as would make the property his individual property, until and unless the partnership debts were first paid. This being so, there must be an adjudication of bankruptcy against the partners composing the firm, and an assignee must be appointed in such a proceeding, before any step can be taken to reach in bankruptcy the partnership assets. Shepard alone has been adjudged a bankrupt. As there are partnership assets, the partnership continues, as respects proceedings in bankruptcy. Under the provisions of section 36 of the act, the copartnership property cannot be taken and administered by the bankruptcy court, unless all the persons who have an interest, as copartners in such property, are adjudged bankrupt. In order to reach such property, it is necessary, under section 36, that Fisher shall have been appointed assignee in a proceeding against all of such copartners. He is only the assignee of the individual and separate estate of Shepard, in a proceeding in bankruptcy against Shepard alone. He shows, therefore, no title to call Stout, or any one else, to account in respect of the property which purported to have been assigned by Cochran to Shepard, and by Shepard to Stout.

These views dispose of the case, without reference to any of the other questions raised or discussed. It is not necessary to decide whether any other persons than Shepard and Cochran were members of the firm, as, on the status of the partnership property, as left by the agreement between Shepard and Cochran, it is immaterial whether or not there were other partners in the firm. The petition must be dismissed, with costs.

———

SHEPARD (MACDONALD v.). See Case No. 8,767.

SHEPARD (NEW YORK & E. R. R. v.). See Case No. 10,198.

SHEPARD (UNITED STATES v.). See Case No. 16,273.